UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA ALLEN,

    Plaintiff,

v.                            Case No. 8:17-cv-2338-T-33JSS

MK CENTENNIAL MARITIME B.V., MMS
CO., LTD., and JOHN DOE,

    Defendants.
_____/

## ORDER

This matter is before the Court pursuant to the parties' Joint Motion for Extension of Deadlines and Motion for Pretrial Conference (Doc. # 31), which was filed on May 15, 2018. As explained below, the Court requests that the Magistrate Judge schedule a hearing on the Motion to address the concerns enumerated below.

## Discussion

On September 7, 2014, a boating accident occurred in the navigable waterways of Hillsborough County, Florida, specifically "in the vicinity of Markers 10 and 11 on the Tampa Bay Cut 'A' Channel." (Doc. # 2 at ¶ 15). The Plaintiffs claim that Defendants' vessel was traveling "under such power and at such speed as to cause a dangerous wake to roll from [Defendants'] vessel striking Plaintiff's vessel and

the Plaintiff[s]." (Id.). Plaintiffs filed nine separate negligence cases in state court. After being served with the Amended Complaint on September 5, 2017, Defendants removed each of the cases on October 5, 2017, on the basis of admiralty jurisdiction. (Doc. # 1). The Court designated the cases as Track Two cases. (Doc. # 5).

Under Local Rule 1.04(d), Plaintiffs filed a Notice of Pendency of Other Actions, alerting this Court that multiple related cases were pending. (Doc. # 4). In an effort to streamline the proceedings, the undersigned accepted transfer of all related cases, directed the Clerk to assign the same Magistrate Judge to each related case, and consolidated the cases for the purposes of discovery. (Doc. ## 11, 29).[1]

In an Order dated October 16, 2017, the Court directed the parties to complete and file a Case Management Report. (Doc. # 7). That Order referenced the Court's website, which in turn, describes this Court's "Active Case Management" procedures. The website explains:

---

[1] The consolidated cases include: 8:17-cv-2333-T-33JSS, 8:17-cv-2334-T-33JSS, 8:17-cv-2335-T-33JSS, 8:17-cv-2336-T-33JSS, 8:17-cv-2337-T-33JSS, 8:17-cv-2338-T-33JSS, 8:17-cv-2339-T-33JSS, 8:17-cv-2340-T-33JSS, and 8:17-cv-2341-T-33JSS.

> Amendments to the Federal Rules of Civil Procedure that became effective on December 1, 2015, respond to finding that early intervention by judges helps to narrow issues and reduce discovery. Litigation results are more satisfactory when a judge actively manages a case from the beginning and stays involved. The amendments do not break new ground; they emphasize the importance of early, hands-on, and continuing case management.

The parties filed the Case Management Report on October 26, 2017. (Doc. # 16). Among other suggested deadlines, the parties requested that Plaintiffs' expert reports be due on August 3, 2018, and Defendants' expert reports be due on September 7, 2018. (Id.). Additionally, the parties requested an October 5, 2018, discovery deadline, a November 2, 2018, dispositive motions deadline, and an April 2019, jury trial. (Id.).

On November 7, 2017, after carefully studying the Case Management Report, the Court issued its Case Management and Scheduling Order. (Doc. # 17). The Court did not adopt the parties' suggested deadlines. Instead, the Court set the following deadlines, among others:

    Plaintiffs' expert report: April 16, 2018
    Defendants' expert report: May 15, 2018
    Discovery deadline: June 15, 2018
    Dispositive motions: July 16, 2018
    Motions in limine: October 15, 2018
    Pretrial Conference: November 15, 2018
    Trial term: December 2018.

The mediation is scheduled for June 6, 2018.

There are a number of reasons why the Court established the deadlines above. Namely, Local Rule 3.05(c)(2)(E), M.D. Fla., explains that most track two cases, like the present case, "will be tried within one year after the filing of the complaint." In this case, the parties' proposed deadlines contemplated discovery on-going for nearly an entire year. (Doc. # 16). The Court's Case Management and Scheduling Order truncated the proceedings in an effort to comply with Federal Rule of Civil Procedure 1, which calls for the just, speedy, and inexpensive administration of civil cases.

The Case Management and Scheduling Order explained that the Court established the case deadlines "to discourage wasteful pretrial activities" and that the "deadlines established in this Case Management and Scheduling Order are not advisory but must be complied with absent approval of the Court." (Doc. # 17 at 2, 4).

At this juncture, the parties jointly request "that all remaining deadlines in this matter be extended to the requested deadlines in the original case management report filed by the Parties." (Doc. # 31 at 3). The parties state that they have exchanged initial disclosures and written

discovery, but they "are having difficulty scheduling depositions of the Defendants' crewmembers" because they are "residents of the Philippines when not at sea [and] while at sea, they are assigned to varying vessels with schedules that make it very difficult to plan a video deposition." (Id. at 2). In addition, the parties "have also encountered difficulties in scheduling the depositions of the nine different Plaintiffs, in part, because of additional and unanticipated medical procedures encountered by one of the Plaintiffs." (Id.). The parties characterize the expert report deadlines as "impossible" to comply with. (Id.). Notably, Plaintiffs' expert report deadline has already expired.

The Court is astonished that the parties are only now bringing these matters to the fore, especially when the Case Management and Scheduling Order was issued over six months ago. The Court is not inclined to grant an extension of any deadlines; however, in an abundance of caution and fairness to the parties, the Court requests that the Magistrate Judge hold a hearing in an effort to ascertain whether just cause exists for any extension. At the hearing, the parties should be prepared to state exactly when they began taking steps to

depose the individual Plaintiffs, any relevant physicians, and the Defendants' crewmembers.  The Court will not be inclined to grant an extension of time if the parties waited until the eleventh hour to conduct discovery. In addition, the Court would like to know what steps were taken in 2017 to ready this case for trial.

The Court "must take an active role in managing cases on [its] docket." <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997).  As further stated in <u>Chudasama</u>, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]." <u>Id.</u>  In light of fading memories, mounting legal costs, and the overarching goal of efficient judicial proceedings, the Court is wary of holding a trial in April of 2019, as requested by the parties, when the accident in question took place in 2014.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Court requests that the Magistrate Judge hold a hearing on the parties' Joint Motion for Extension of Deadlines and Motion for Pretrial Conference (Doc. # 31) in May of 2018, to address the concerns raised herein.

(2) The Court defers ruling on the Motion until after the Magistrate Judge holds the hearing.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of May, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE