UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA ALLEN,

    Plaintiff,

v.                        Case No. 8:17-cv-2338-T-33JSS

MK CENTENNIAL MARITIME B.V., MMS
CO., LTD., and JOHN DOE,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Extension of Deadlines and Motion for Pretrial Conference (Doc. # 31), which was filed on May 15, 2018. Julie S. Sneed, United States Magistrate Judge, held a hearing on the Motion on May 25, 2018. Based on the matters discussed at the hearing, the Court grants the Motion in part and denies the motion in part, as explained below.

**Discussion**

On September 7, 2014, a boating accident occurred in the navigable waterways of Hillsborough County, Florida, specifically "in the vicinity of Markers 10 and 11 on the Tampa Bay Cut 'A' Channel." (Doc. # 2 at ¶ 15). The Plaintiffs claim that Defendants' vessel was traveling "under such power and at such speed as to cause a dangerous wake to

roll from [Defendants'] vessel striking Plaintiff's vessel and the Plaintiff[s]." (Id.). Plaintiffs, who are all members of the same family, filed nine separate negligence cases in state court. After being served with the Amended Complaint on September 5, 2017, Defendants removed each of the cases on October 5, 2017, on the basis of admiralty jurisdiction. (Doc. # 1). The Court designated the cases as Track Two cases. (Doc. # 5).

Under Local Rule 1.04(d), Plaintiffs filed a Notice of Pendency of Other Actions, alerting this Court that multiple related cases were pending. (Doc. # 4). In an effort to streamline the proceedings, the undersigned accepted transfer of all related cases, directed the Clerk to assign the same Magistrate Judge to each related case, and consolidated the cases for the purposes of discovery. (Doc. ## 11, 29).[1]

In an Order dated October 16, 2017, the Court directed the parties to complete and file a Case Management Report. (Doc. # 7). That Order referenced the Court's website, which

---

[1] The consolidated cases include: 8:17-cv-2333-T-33JSS, 8:17-cv-2334-T-33JSS, 8:17-cv-2335-T-33JSS, 8:17-cv-2336-T-33JSS, 8:17-cv-2337-T-33JSS, 8:17-cv-2338-T-33JSS, 8:17-cv-2339-T-33JSS, 8:17-cv-2340-T-33JSS, and 8:17-cv-2341-T-33JSS.

in turn, describes this Court's "Active Case Management" procedures. The website explains:

> Amendments to the Federal Rules of Civil Procedure that became effective on December 1, 2015, respond to finding that early intervention by judges helps to narrow issues and reduce discovery. Litigation results are more satisfactory when a judge actively manages a case from the beginning and stays involved. The amendments do not break new ground; they emphasize the importance of early, hands-on, and continuing case management.

The parties filed the Case Management Report on October 26, 2017. (Doc. # 16). Among other suggested deadlines, the parties requested that Plaintiffs' expert reports be due on August 3, 2018, and Defendants' expert reports be due on September 7, 2018. (Id.). Additionally, the parties requested an October 5, 2018, discovery deadline, a November 2, 2018, dispositive motions deadline, and an April 2019, jury trial. (Id.).

On November 7, 2017, after carefully studying the Case Management Report, the Court issued its Case Management and Scheduling Order. (Doc. # 17). The Court did not adopt the parties' suggested deadlines. Instead, the Court set the following deadlines, among others:

Plaintiffs' expert report: April 16, 2018
Defendants' expert report: May 15, 2018
Discovery deadline: June 15, 2018

>     Dispositive motions: July 16, 2018
>     Motions in limine: October 15, 2018
>     Pretrial Conference: November 15, 2018
>     Trial term: December 2018.
>     The mediation is scheduled for June 6, 2018.

There are a number of reasons why the Court established the deadlines above. Namely, Local Rule 3.05(c)(2)(E), M.D. Fla., explains that most track two cases, like the present case, "will be tried within one year after the filing of the complaint." In this case, the parties' proposed deadlines contemplated discovery on-going for nearly an entire year. (Doc. # 16). The Court's Case Management and Scheduling Order truncated the proceedings in an effort to comply with Federal Rule of Civil Procedure 1, which calls for the just, speedy, and inexpensive administration of civil cases.

The Case Management and Scheduling Order explained that the Court established the case deadlines "to discourage wasteful pretrial activities" and that the "deadlines established in this Case Management and Scheduling Order are not advisory but must be complied with absent approval of the Court." (Doc. # 17 at 2, 4).

At this juncture, the parties jointly request "that all remaining deadlines in this matter be extended to the requested deadlines in the original case management report

filed by the Parties." (Doc. # 31 at 3). The parties state that they have exchanged initial disclosures and written discovery, but they "are having difficulty scheduling depositions of the Defendants' crewmembers" because they are "residents of the Philippines when not at sea [and] while at sea, they are assigned to varying vessels with schedules that make it very difficult to plan a video deposition." (Id. at 2). In addition, the parties "have also encountered difficulties in scheduling the depositions of the nine different Plaintiffs, in part, because of additional and unanticipated medical procedures encountered by one of the Plaintiffs." (Id.). The parties characterize the expert report deadlines as "impossible" to comply with. (Id.). Notably, Plaintiffs' expert report deadline has already expired.

The Court requested that the Magistrate Judge hold a hearing in an effort to ascertain whether just cause exists for any extension. During the hearing, the parties described some extenuating circumstances encountered by both sides. For instance, one of the named Plaintiffs who has served as the primary point of contact for Plaintiffs' counsel has been diagnosed with cancer and had surgery, an associate attorney

working on this case at Plaintiffs' counsel's firm left the law firm, and Plaintiffs' counsel had a child.  As for Defendants, they are foreign entities with offices around the world.  The Philippines, for example, is a 12-hour time difference, which considerably delays defense counsel's communication with clients there. And, the master of the ship is at sea until November of 2018, and the parties have been unable to coordinate his deposition because of the variability of his destinations at sea.

Although the Court is not willing to grant the sweeping extensions of time proposed by the parties, the Court will adjust the deadlines, as contemplated at the May 25, 2018, hearing.  The Court recognizes that the parties sought to extend the majority of the pretrial deadlines, but keep the November 15, 2018, pretrial conference and December 2018, trial term as scheduled.  This is not possible because the Court requires sufficient time for dispositive motions to become ripe and then for the Court to address them in a thoughtful manner. The current Case Management and Scheduling Order explains: "In light of the district court's heavy trial calendar, a period of at least four months is required before trial to receive memoranda in opposition to a motion for

summary judgment, and to research and resolve the dispositive motion." (Doc. # 17 at 4). The Court therefore extends the operative deadlines as follows:

> Plaintiffs' expert report: May 25, 2018
> Defendants' expert report: July 31, 2018
> Discovery deadline: August 17, 2018
> Dispositive motions: August 31, 2018
> Motions in limine: October 15, 2018
> Pretrial Conference: January 10, 2019
> Trial term: February 2019.
> The mediation is scheduled for June 6, 2018.

The Clerk is directed to issue an Amended Case Management and Scheduling Order consistent with the foregoing.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Extension of Deadlines and Motion for Pretrial Conference (Doc. # 31) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

(2) The Clerk is directed to issue an Amended Case Management and Scheduling Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of June, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE